UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

v.

GEORGE CONSTANTINE ET AL.,

Defendants.

------------------------------------------------------------

21-CR-530 (SHS)

MEMORANDUM ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Andrew Dowd was found guilty by a jury in December 2022 of two counts each of mail and wire fraud and two counts of conspiracy. Now, one week before his sentencing, Dowd seeks to subpoena notes taken by Stephen Brill, the attorney for a cooperating witness at trial, Kerry Gordon, from Gordon's proffer sessions with the Government, concerning any mention of another witness who testified at trial, Malike Walker, and any discussions about Dowd's willingness to fake having conducted surgery for a patient. (ECF No. 236 at 9.)

As the basis for the Court to grant his subpoena request, Dowd asserts that the Government and Probation have relied heavily on a statement made by witness Malike Walker at Dowd's trial that Dowd offered to give him a scar instead of doing actual surgery as evidence that Dowd knew the injuries were fake. (*Id.* at 1-2.) Walker also testified that Kerry Gordon had told him in advance that Dowd could offer him a fake scar. *See* Tr. 833:23-834:3. Dowd appears to infer from a lack of additional testimony and evidence from Gordon that this conversation between Gordon and Walker did not occur.

The Court denies Dowd's subpoena request for the following reasons.

First, this subpoena is untimely. Although "a Rule 17(c) subpoena may . . . properly be used to gather documents for a pre-trial or post-trial hearing," *United States v. Leaver*, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005), a subpoena request may be denied where the defendant "offer[s] no satisfactory explanation for why he did not seek to obtain this readily available evidence earlier." *United States v. Etimani*, 328 F.3d 493, 501 (9th Cir. 2003) (affirming the denial of a 17(b) subpoena requested "six months after the verdict and just prior to sentencing" where evidence could have been obtained earlier).

Dowd could have sought to subpoena Gordon's counsel for the same information he seeks now months ago, but he did not. As the Government points out, Dowd was aware that Walker recalled this conversation as early as November 16, 2022, (ECF No. 237 at 1-2), and Walker testified to it on December 2, 2022. Indeed, Dowd cross-examined Walker about this testimony at trial. (Tr. 929-31.) Yet Dowd waited until February 1, 2023, three weeks *after* he submitted his post-judgment motion for acquittal, to even ask the Government if it

had discussed this conversation in its proffer sessions with Gordon. Dowd also knew as early as February 3 that the Government represents it received no information from Gordon about his alleged conversation with Walker regarding a scar, or about "Dowd's willingness to engage in such conduct in lieu of surgery," (ECF No. 236 at 5), and yet Dowd waited until one week before his sentencing date to request this subpoena. He relies on recently disclosed 3500 material regarding Gordon's 2019 guilty plea to justify making his subpoena request now, but the content of that material, according to the Government, has no bearing on the content of this request. (*See* ECF 237 at 1 n.1.)

Second, the evidence sought by the subpoena is not relevant. Whether Gordon told Walker that Dowd was willing to give Walker simply a scar in lieu of a surgery would not change anything in terms of the outcome of this case or this Court's view of the record. The evidence sought, if it exists, would only be relevant for purposes of impeaching Walker's testimony, and "documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena." *United States v. Nektalov*, No. S2 03CR-828, 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004) (citing *United States v. Nixon*, 418 U.S. 683, 698–99 (1974)). "The time to present evidence that can supposedly impeach a witness is *during* the trial, not afterward," and subpoenas seeking impeachment evidence post-trial have been denied where the evidence has only "dubious probative value." *Etimani*, 328 F.3d at 501. *See also United States v. Nix*, 251 F. Supp. 3d 555, 565 (W.D.N.Y. 2017) (denying subpoena request for "material that could have potentially been used for impeachment at trial" and finding "no justification for Defendants' pursuit of this type of information post-verdict.").

Third, the request is highly speculative. When counsel "merely hopes something useful will turn up, the requirement of specificity [to enforce a subpoena] will not have been met." *United States v. Leaver*, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005). Subpoenas should not issue when "defense counsel merely speculates that the materials *may* constitute inconsistent statements of expected witnesses." *United States v. Weissman*, No. 01 CR. 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002). In light of the Government's proffers and explicit response to Dowd's previous request, Dowd simply has no basis to assume that the evidence he seeks exists; that is, that: "(i) the Government asked Gordon in a proffer about Walker's assertion that Dowd could create a scar as an alternative to surgery; (ii) Gordon denied Walker's claim; (iii) the Government deliberately withheld Gordon's statements from the 3500 material; *and* (iv) Gordon's attorney wrote down this information instead." (ECF No. 237 at 3.)

Finally, the Government represents that it conferred with Brill and confirmed that there are no notes or documents responsive to the subpoena. (ECF No. 237 at 3.) But even if responsive material does exist, Brill's notes and summaries from Gordon's proffer sessions arguably constitute attorney work product which is privileged and not subject to production. *See Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to

disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes.")

Accordingly, Dowd's request for this Court to issue a subpoena (ECF No. 236) is denied.

Dated:  New York, New York
        April 21, 2023

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.