UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANDREW DOWD,

Defendant.

21-cr-530 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

In 2022, a jury convicted defendant Andrew Dowd of two counts each of mail and wire fraud and two counts of conspiracy to commit the same in connection with a brazen scheme during which hundreds of individuals were recruited to serve as alleged "victims" of staged trip-and-fall accidents to obtain millions of dollars in personal injury damages from property owners and their insurance carriers. For his part in the conspiracy, Dowd—an orthopedic surgeon—performed unnecessary medical procedures on alleged victims in order to inflate the settlement values of personal injury lawsuits. Following his conviction, this Court sentenced Dowd to 102 months' imprisonment, imposed an amount for restitution as well as a special assessment, and entered a payment schedule according to which Dowd would make monthly installment payments towards the total amount of restitution imposed. To collect on Dowd's criminal debts, the Government has applied to the Court for writs of garnishment directed at three financial institutions where Dowd maintains assets. Dowd now moves for an order denying the Government's application. For the reasons set forth below, the Court denies Dowd's motion.

## I. BACKGROUND

The parties' dispute may be succinctly cast: does the existence of a payment schedule entered pursuant to 18 U.S.C. §§ 3572(d) and 3664(f) preclude the Government from seeking to enforce immediately the total amount of restitution ordered against a defendant's assets?

On July 20, 2023, this Court entered an Order of Restitution (the "Restitution Order") against Dowd as part of his sentence. (*See* Dkt. No. 287.) The Restitution Order assesses restitution in the amount of $14,830,955 and apportions $8,117,011 of liability to Dowd and $7,320,657 of liability to Dowd's co-defendant, George Constantine. (*Id.* at 1–2.) In addition, and consistent with 18 U.S.C. §§ 3572(d) and 3664(f), the Restitution Order sets forth a payment schedule pursuant to which Dowd is required to make monthly installment payments "of at least twenty percent (20%) of [his] gross income."

(*Id.* at 2–3.) The Restitution Order states specifically that the payment schedule "is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted."[1] (*Id.* at 3.) The Court also imposed a mandatory special assessment of $600. (Dkt. No. 289 at 6.)

Almost three years later, in March 2026, the Government applied to this Court for writs of garnishment directed at three financial institutions where Dowd maintains cash, securities, annuities, retirement funds, or other assets. (Dkt. No. 361.) The Government's application—and the proposed writs that accompanied it—stated that the Court entered judgment against Dowd in the amount of $14,831,555 (*i.e.*, $14,830,955 in restitution and a $600 special assessment), on which Dowd had an unpaid balance of $16,914,984.37, including interest. (*See* Dkt. Nos. 361–361-3.) The Court signed these writs on March 27, 2026. (*See* Dkt. Nos. 362–364.)

Eleven days later, Dowd moved to quash the writs, alleging two defects in the Government's application. (*See* Dkt. No. 365.) *First*, Dowd claimed that the Government had erroneously sought to collect on a total restitution amount of $14,830,955 rather than the $8,117,011 of liability apportioned to him. (*See* Dkt. No. 366 at 1.) *Second*, Dowd alleged that the Government could not seek to collect immediately on the $8,117,011 amount because the Court had entered a payment schedule limiting Dowd's monthly payment obligation to twenty percent of his gross monthly income. (*See id.*)

The following day, the Government conceded that its use of the $14,831,555 figure in its March 2026 application for writs of garnishment was an error (*see* Dkt. No. 367) and, on April 10, 2026, the Government submitted amended writs that state the Court entered judgment against Dowd in the amount of $8,117,611 (*i.e.*, $8,117,011 in restitution and a $600 special assessment), on which Dowd had an unpaid principal balance of $8,091,563.35 (*see* Dkt. Nos. 369–369-3).

Dowd then moved for an order denying the Government's application for the amended writs. (*See* Dkt. No. 371.) Dowd's motion reiterates his position that the Government may not seek to collect immediately on the $8,117,011 restitution amount and is instead limited to collecting monthly installments of up to twenty percent of his gross income. (*See* Dkt. No. 372 at 1.)

## II. Statutory Framework

The Mandatory Victims Restitution Act ("MVRA") requires a court to order restitution when sentencing a defendant convicted of certain crimes, including Title 18

[1] Also on July 20, 2023, this Court entered an amended criminal judgment against Dowd providing that Dowd "shall make monthly installment payments of 20% of [his] gross income, payable . . . immediately upon entry of this judgment." (Dkt. No. 289 at 5.)

offenses against property committed by fraud or deceit. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The MVRA requires the Court to order restitution in the full amount of each victim's losses "without consideration of the economic circumstances of the defendant." 18 U.S.C. §§ 3663A(d), 3664(f)(1)(A). A defendant ordered to pay restitution "shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). In setting a payment schedule, a court must consider various factors, including the defendant's ability to pay. *See* 18 U.S.C. § 3664(f)(2).

An order of restitution issued pursuant to the MVRA creates "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). "[N]otwithstanding any other Federal law," and with limited exceptions, 18 U.S.C. § 3613(a) empowers the Government to enforce an order of restitution "against all property or rights to property of the person fined." 18 U.S.C. § 3613(a), (f).

Federal law provides the Government with a variety of tools to enforce restitution orders. As relevant here, the Government may enforce restitution orders by utilizing "the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. § 3613(a), including by seeking a writ of garnishment under the Federal Debt Collection Procedures Act, *see* 28 U.S.C. § 3205. Additionally, crime victims may convert an order of restitution into an abstract of judgment for the full amount of restitution imposed which, when docketed in accordance with the rules of the court of the state where the property is located, constitutes a lien on the property of the defendant pursuant to 18 U.S.C. § 3664(m)(1)(B).

## III. Discussion

Dowd asserts that the existence of the payment schedule imposed by the Court in the Restitution Order precludes the Government from immediately seeking to enforce the total amount of restitution liability apportioned to him against his assets. The Court disagrees.

18 U.S.C. § 3613(a) empowers the Government to enforce an order of restitution "notwithstanding any other Federal law." This language provides "a clear indication that Congress intended [section 3613(a)] to trump other statutory provisions, including in 18 U.S.C. § 3572(d), where a court imposing a fine may provide for installment payments." *United States v. Lumiere*, No. 16-cr-483, 2021 WL 4710778, at *3 (S.D.N.Y. Oct. 7, 2021). "Simply put, the plain language 'notwithstanding any other federal law' in § 3613(a) means that the payment schedule provisions in § 3572(d) and §§ 3664(f) and (k) cannot override the Government's right to the lien and/or payment from a

defendant's nonexempt property." *United States v. Spina Sec. Am.*, No. 18-cr-625, 2025 WL 815393, at *2 (S.D.N.Y. Mar. 13, 2025). Accordingly, limiting the Government's enforcement authority to monthly installments of up to twenty percent of Dowd's gross income would vitiate the language of section 3613(a) and override Congress's intent.

This interpretation of the statutory scheme is consistent with the U.S. Court of Appeals for the Second Circuit's recognition that "[t]he significance of [a payment] schedule is diminished" by virtue of 18 U.S.C. § 3664(m)(1)(B), which confers onto crime victims the right to convert an order of restitution into an abstract of judgment for the full amount of the restitution imposed. *United States v. Walker*, 353 F.3d 130, 133 (2d Cir. 2003). Since a victim clearly may seek to enforce immediately the total amount of restitution imposed against a criminal defendant, it would be illogical and inconsistent for the Court to construe the law as limiting the Government's ability to do the same on a victim's behalf.

The Government's effort to enforce the Restitution Order is also consistent with the purpose of the installment payment schedule and the MVRA. "An installment payment schedule like the one issued by this Court is designed 'to allow a defendant to keep a portion of hard-earned employment, not to permit him to keep other assets from being used to satisfy his' obligation." *United States v. Reichman*, No. 12-cr-750, 2024 WL 5167749, at *2 (S.D.N.Y. Dec. 19, 2024) (quoting *Lumiere*, 2021 WL 4710778, at *3). Dowd—who is in his seventies and currently serving an eight-and-a-half-year incarceratory term—maintained unpaid criminal debts of at least $8,091,563.35 as of April 10, 2026. (*See* Dkt. No. 369.) "It is obvious [therefore] that even full compliance with the payment schedule is unlikely to satisfy the Restitution Order." *Reichman*, 2024 WL 5167749, at *2. Accordingly, the Government's enforcement effort is consistent with the MVRA's goal of "ensur[ing] that the loss to crime victims is recognized, and that they receive the restitution that they are due." *See* S. Rep. No. 104-179, at 12 (1995), reprinted in 1996 U.S.C.C.A.N. 924, 925; *see also* 18 U.S.C. § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses . . . .").

A review of the Restitution Order also lends support to the appropriateness of the Government's enforcement effort. The Restitution Order directs that Dowd make monthly installment payments "of *at least* twenty percent (20%) of [his] gross income." (Dkt. No. 287 at 2–3 (emphasis added).) The use of "at least" indicates this Court's intent to set a floor on Dowd's payment obligations—not a ceiling on the Government's collection efforts. This is underscored by the Restitution Order's provision that the payment schedule "is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted." (*Id.* at 3.)

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the existence of a payment schedule does not preclude the Government from immediately seeking to enforce the total amount of restitution liability apportioned to Dowd against his assets. Accordingly, Dowd's motion for an order denying the Government's application for amended writs of garnishment (Dkt. No. 371) is itself denied and the amended writs shall issue forthwith.

Dated: New York, New York
July 24, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.